## ANDERSON v ANDERSON etc, et

Ohio Appeals, 1st Dist, Hamilton Co
No 3510.   Decided Dec 30, 1929

J. T. Rhyno, Cincinnati, for Anderson.

Wm. R. Collins and Wm. Groh, both of Cincinnati, for Anderson, etc, et.

ROSS, J.

The evidence indicates that the plaintiff was a lady living in Hartwell, who had owned a number of pieces of property, and was more or less familiar with transactions involving the purchase and sale of real estate; that she had known the defendant for some time; that defendant offered to build for her two store buildings, similar to those erected by him on premises in the neighborhood, and these stores were examined by the plaintiff, that she was satisfied to have her stores built like them, and there is evidence that they were built like them.

While the plaintiff claims a number of misrepresentations as to matters connected with the construction of these stores, the principal reliance seems to be upon the statement as to the value of the land and the proposed or expected rental value of the stores when completed. The evidence is in some conflict on these points.

As to these statements we feel that they constituted no fraud upon the plaintiff, there being no showing that she was not thoroughly acquainted with all the circumstances surrounding the transaction, and thoroughly competent to form an opinion as to the value of the property involved. There is evidence also that prospective tenants, who would have paid the rental represented, were produced and refused by the plaintiff. In any event, such statements can only be considered as opinions, and not from the very nature of the statements given can they be considered as misrepresentations of fact.

On these facts we find that the plaintiff's petition must be dismissed, and on the cross-petition of the defendant Anderson, a decree requiring the plaintiff to specifically perform her contract may be taken, upon the defendant Anderson presenting to the plaintiff a deed of general warranty, with release of dower, conveying a title to the property clear, free, and unincumbered. The plaintiff is to be allowed credit on all amounts paid by her upon the contract price of $12,600.

A decree may be presented accordingly.

Cushing, PJ, and Hamilton, J, concur.